JUDSON M. BEMIS & others *vs.* BOARD OF ALDERMEN OF THE CITY OF BOSTON.

The interest of an inhabitant of this commonwealth, as a partner, in the property of a firm established and carrying on business in another state, is taxable here.

PETITION for a writ of *certiorari* to quash the proceedings of the mayor and aldermen of the city of Boston in refusing to abate a tax assessed upon one of the petitioners. The facts are stated in the opinion.

*G. Putnam, Jr.*, for the petitioners.

*C. H. Hill*, (*J. P. Healy* with him,) for the respondents.

GRAY, J. The petitioners are partners in trade, having their principal place of business at St. Louis, but hiring and using a warehouse in Boston for the purpose of storing goods sent here by them for sale, and they admit that they have been rightly taxed in Boston on such goods. Two of the partners reside in

St. Louis, and the other in Boston. The petitioners have been further taxed in Boston on the interest of the resident partner in the property of the partnership without the Commonwealth, and it is agreed that if that interest is taxable here, either to that partner or to the firm, this petition for a writ of *certiorari* shall be dismissed.

The court is clearly of opinion that the partner residing in Boston was taxable here on this interest, by the express provisions of the eleventh chapter of the General Statutes. These provisions clearly manifest the intention of the legislature to tax all the personal property, whether within or without the state, of every inhabitant of the Commonwealth, not in terms exempted from taxation. It is declared by the second section that " all property, real and personal, of the inhabitants of this state, not expressly exempted by law, shall be subject to taxation as hereinafter provided ; " and by the fourth section that " personal estate shall, for the purposes of taxation, include goods, chattels, money and effects, wherever they are, ships and vessels at home or abroad, money at interest and other debts due the persons to be taxed more than they are indebted or pay interest for, public stocks and securities, stocks in turnpikes, bridges and moneyed corporations, within or without the state." The fifth section enumerates certain exemptions which are not material in this case. And in the twelfth section it is enacted that " all personal estate, within or without this state, shall be assessed to the owner in the city or town where he is an inhabitant on the first day of May, except as follows."

The first clause of the exceptions in this section, providing for the taxation of goods, wares, merchandise and other stock in trade in the city or town where the owners hire or occupy a manufactory, store, shop or wharf, is in terms limited to property " in cities or towns within the state other than where the owners reside," and does not apply to persons whose place of business is out of the Commonwealth. The petitioners admit that they are liable to taxation under this clause for the merchandise of the partnership stored here, and that the part of the tax complained of did not include any interest of the firm or of either

partner in property within the Commonwealth. See Gen. Sts. c. 11, § 15, *ad fin.; Field* v. *Boston,* 10 Cush. 65; *Lee* v. *Templeton,* 6 Gray, 579.

The fifteenth section, which provides that " partners in mercantile or other business, whether residing in the same or different places, may be jointly taxed under their partnership name in the place where their business is carried on, for all the personal property employed in such business, except ships or vessels," can have no operation where the place of business of the partnership is out of the Commonwealth. The question of its application to partners having a place of business in the Commonwealth but all residing in other states, is not now before us.

This case, not coming within any of the particular exceptions in the tax act, is governed by its general rule. The fact that the same interest is or may be taxed in another state will not justify the court in disregarding the positive directions of our own legislature. The case is quite analogous to that of *Dwight* v. *Mayor & Aldermen of Boston,* 12 Allen, 316, in which it was held that the exception, contained in the second clause of the twelfth section, by which all machinery employed in manufactures is assessed where it is situated or employed, and the value of the real estate and machinery belonging to any manufacturing corporation is deducted from the value of the shares assessed to the stockholders, did not apply to a manufacturing corporation established in another state; and that a citizen of this commonwealth, owning shares in such a foreign corporation, was taxable here for the full value of his shares, although the real estate and machinery of the corporation were taxed to it in the state in which it was established.

The interest of each partner in the partnership is his personal property. The legal title in the property of the partnership, subject to the payment of the partnership debts, is in the partners as tenants in common. The practical difficulty of ascertaining the value of the interest of each partner has not been deemed by our laws an insuperable objection to its being assessed to him separately. No other mode of taxing the property of a partnership seems to have been authorized by law before

the Revised Statutes. Rep. of Comm'rs on Rev. Sts. *c.* 7, § 14, *note.* And by the sixteenth section of the present tax act. (changing the rule under the previous statutes, as declared by this court in *Peabody* v. *County Commissioners*, 10 Gray, 97,) it is provided that " ships or vessels owned by a copartnership shall be assessed to the several partners in their places of residence, proportionally to their interests therein," thus requiring the assessors to ascertain the interest of each partner in a distinct portion of the partnership property.

The interest which was adjudged in *Dorr* v. *Boston*, 6 Gray, 131, cited for the petitioners, not to be taxable in this commonwealth under the Rev. Sts. *c.* 7, § 10, *cl.* 5, was the merely equitable interest of a *cestui que trust* residing in this state and entitled to the income of property held in trust by a resident of another state. And even such an interest is now taxable under the corresponding clause of the General Statutes. Gen. Sts. *c.* 11, § 12, *cl.* 5. *Petition dismissed.*